1

2

3
**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**
4

5                                                    * * *

SHANNON KING,                          )
6                                                      )
                        Plaintiff,        )
7                                                      )            2:09-cv-01425-JCM-LRL
v.                                                   )
8                                                      )            **O R D E R**
GMAC MORTGAGE, LLC, et al.,    )
9                                                      )
                        Defendants.    )
10                                                    )
_____)
11

12              Before the court is defendant's Motion to Compel Initial Disclosures and Responses to

13     Written Discovery (#20).  The court has considered the motion (#20), plaintiff's Opposition (#24), and

14     defendant's Reply (#25).  Discovery in this case closed on May 18, 2010.  Order (#19).  Since the filing

        of the instant Motion to Compel (#20), the parties have resolved some of the discovery issues raised
15
        therein.[1]  Defendant seeks an order compelling plaintiff to: 1) submit a computation of damages
16
        pursuant to Rule 26(a)(1)(A)(iii); and 2) respond to defendant's Interrogatory No. 24.[2]
17
        Computation of Damages
18
                    Pursuant to Rule 26(a)(1(A)(iii), a party's initial disclosures must contain a "computation of
19
        each category of damages claimed by the disclosing party ... including materials bearing on the nature
20
        and extent of injuries suffered."  Plaintiff states, "Defendant continues to request a detailed break down
21

22
        _____

23              [1]  Defendant's motion alleged that plaintiff had provided no initial disclosures, no computation of damages, and
        failed to respond to Interrogatory Nos. 24 and 25 to its Second Set of Interrogatories, and Request for Production of
        Documents No. 21. Defendant further requested that plaintiff supplement certain deposition responses.
24
                [2]  Interrogatory 24 states:
25                        Please identify all damages, including but not limited to out-of-pocket expenses, which you claim
                        to have incurred as a result of the alleged incident/incidents giving rise to this litigation,
26                        including a description of each item of expense claimed, the name of the person or company to
                        whom each item was paid, and the amount of each item.

of damages, however the detailed breakdown is the loss of the home." Opp'n (#24) at 2. Plaintiff's

Complaint (#1-1), however, reveals that in addition to the return of her home, plaintiff prays for

damages "in an amount in excess of $10,000." Complaint (#1-1) at 9. A party claiming damages has

the obligation, when it makes its initial disclosures, to disclose to the other parties the best information

then available to it concerning that claim, however limited and potentially changing it may be. *6-26*

*Moore's Federal Practice - Civil* § 26.22. Plaintiff states that she "would like compensation for what

has occurred. However, Plaintiff cannot quantify the exact amount and would leave the same to the trier

of fact." Opp'n (#24) at 2. Still, she must provide a computation in support of her claim of at least

$10,000 in damages. Her failure to do so may result in exclusion of such evidence pursuant to Rule 37.

Interrogatory No. 24

Plaintiff did not respond, even to object, to Interrogatory No. 24. In her Opposition (#24), she

directs the court's attention to answers to other interrogatories, Exh. 2 to Opp'n (#24), and states, "the

question regarding damages has been responded to properly." *Id.* Interrogatory No. 24 is not

duplicative of these other interrogatories, nor is plaintiff's response to other written discovery a response

to the specific demands of Interrogatory No. 24. Plaintiff does not assert, nor does the court find, that

Interrogatory No. 24 is outside the proper scope of discovery.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant's Motion to Compel Initial Disclosures and Responses to

Written Discovery (#20) is GRANTED to the following extent: plaintiff must, not later than July 26,

2010, provide defendant with a Rule 26(a)(1)(A)(iii) computation of damages and a response to

Interrogatory No. 24.

DATED this 14th day of July, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**