UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHANNON KING,

        Plaintiff,

v.

GMAC MORTGAGE, LLC, et al.,

        Defendants.

2:09-CV-1425 JCM (LRL)

**ORDER**

Presently before the court is defendant GMAC Mortgage, LLC's ("GMACM") motion for summary judgment (doc. #16). The defendant filed a notice of correction as to the motion. (Doc. #17). The plaintiff responded (doc. #23), and the defendant replied (doc. #26).

The instant dispute arises from the foreclosure sale of real property located at 9100 Crimson Clover Way in Las Vegas, Nevada. Plaintiff inherited the property from her grandparents five years ago, but admittedly fell behind on her payments to GMACM during the recent economic recession. (Doc. #1-1, compl. ¶ 5). Plaintiff then contacted GMACM, and an agent named "Spencer" informed her that "a modification could occur and asked a few questions about plaintiff's financial situation." (*Id.* at ¶ 8). Spencer then allowed plaintiff to make monthly payments in the amount of $1,908.00 while the lender considered a loan modification. (*Id.* at ¶ 10). Spencer informed plaintiff that she would receive new loan documentation no later than September of 2008 if her modification was approved. (*Id.* at ¶ 13). On about October 19, 2008, plaintiff noticed that the September payment had been returned. (*Id.* at ¶ 15).

**James C. Mahan**
**U.S. District Judge**

Plaintiff then contacted GMACM, and an agent notified plaintiff that the lender had foreclosed on her property. Plaintiff then spoke to Mrs. Kim Branch, who stated that the property was "prematurely and incorrectly foreclosed upon[,]" (*id.* at ¶ 19), and that she was "going to reverse the foreclosure" (*id.* at ¶ 20). Plaintiff claims that Mrs. Branch never again returned her calls and that she next heard from agent "Travis," informing her that she could move back into the property. (*Id.* at ¶ 23). Notwithstanding Travis' comments, plaintiff claims that the locks on the property have been changed. However, plaintiff allegedly continues to receive documentation evidencing that the mortgage is still in effect. (*Id.* at ¶ 24–25).

Plaintiff brought suit against GMACM, alleging: (1) misrepresentation; (2) estoppel; (3) wrongful foreclosure; (4) preliminary/permanent injunction; (5) unjust enrichment; and (6) breach of contract. In response, the defendant has filed the instant motion for summary judgment on all six claims.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV. P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).[1]

## I.   MISREPRESENTATION

Plaintiff's first cause of action alleges that "numerous representations were made by all of the representatives . . . that there would be a modification agreement, that foreclosure would not occur and even after foreclosure, the same would be reversed." (Doc. #1-1, compl. ¶ 29). Additionally, plaintiff alleges that "fraud occurred inasmuch as Plaintiff never received any notices of default or notices of trustees sale." (*Id.* at ¶ 32). The court reads this claim as alleging fraudulent

---

[1] Whereas the defendant has failed to properly authenticate plaintiff's deposition as per the requirements of *Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002), the court does not consider that evidence in reviewing the motion for summary judgment.

James C. Mahan
U.S. District Judge

- 2 -

misrepresentation.

A claim of fraudulent misrepresentation requires a plaintiff show by clear and convincing evidence that: (1) the defendant made a false representation; (2) the defendant knew or believed the representation was false; (3) the defendant intended to induce the plaintiff into acting in reliance of the misrepresentation; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered damages from so relying. *Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). The plaintiff has the burden of proving each element of fraud by clear and convincing evidence. *Id.* at 110–11 (citing *Lubbe v. Barba*, 540 P.2d 115 (Nev. 1975)).

This claim fails as a matter of law. Plaintiff has not shown that the three $1,908 payments constituted detrimental reliance, as she was already under an obligation to make even higher monthly payments to GMACM. Furthermore, acceptance of those payments did not waive the lender's right to foreclose,[2] and, despite plaintiff's allegations to the contrary, it appears from the evidence submitted by both parties that plaintiff did in fact have notice of both her default and the pending foreclosure.[3] Accordingly, GMACM's motion for summary judgment is granted as to claim one.

**II.    ESTOPPEL (CLAIM 2)**

"To establish promissory estoppel four elements must exist: (1) the party to be estopped must be apprised of the true facts; (2) he must intend that his conduct shall be acted upon, or must so act that the party asserting estoppel has the right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; [and] (4) he must have relied to his detriment on the conduct of the party to be estopped." *Pink v. Busch*, 691 P.2d 456, 459 (Nev. 1984).

---

[2] The deed of trust states that "[a]ny forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance fo payments . . . in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy." (Doc. #17-2 ¶ 12). The copy of the deed of trust has been sufficiently authenticated as a public record under Federal Rule of Evidence 901(b)(7).

[3] Defendant has attached such notices to the motion for summary judgment. (Doc. #17, ex. E, ex. F, ex. G). Plaintiff has also attached such notices to their opposition to the motion for summary judgment. (Doc. #23-3, 23-5, 23-6). The court finds that these documents have been sufficiently authenticated, as they are relied on by both parties and qualify as public records under Federal Rule of Evidence 901(b)(7).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    As in the misrepresentation context, the plaintiff fails to show that there was any detrimental
2 reliance in this case, because she had a preexisting obligation to make payments under the mortgage
3 agreement. Accordingly, GMACM's motion for summary judgment is granted as to claim two.

4 **III.    WRONGFUL FORECLOSURE (CLAIM 3)**

5    "An action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can
6 establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of
7 condition or failure of performance existed on the mortgagor's or trustor's part which would have
8 authorized the foreclosure or exercise of the power of sale." *Collins v. Union Federal*, 662 P.2d 610,
9 623 (Nev. 1983).

10    Here, plaintiff's claim fails as a matter of law because she admits that she had fallen behind
11 on her mortgage payments (doc. #1-1, compl. ¶ 5), meaning she is unable to show that, at the time
12 of foreclosure, no breach of performance under the mortgage contract had occurred. Additionally,
13 plaintiff never alleges that she requested to exercise her rights under the redemption clause in the
14 loan agreement by tendering the full balance due.[4] In fact, plaintiff implicitly admits that she could
15 not have tendered the full balance by acknowledging that she could not make her required monthly
16 payments under the loan agreement. (Doc. #1-1, compl. ¶ 5). Accordingly, the court grants
17 GMACM's motion for summary judgment as to claim three.

18 **IV.    PRELIMINARY/PERMANENT INJUNCTION (CLAIM 4)**

19    An injunction is a remedy. Whereas defendant GMACM's motion for summary judgment
20 is granted in its entirety, the plaintiff is not entitled to such relief, and the motion for summary
21 judgment is granted as to claim four.

22 **V.    UNJUST ENRICHMENT (CLAIM 5)**

23    Unjust enrichment is a quasi-contract theory that allows the court to prevent "the unjust

---

[4] The agreement between the parties states that "Borrower shall have the right to have enforcement of this Security Instrument discontinued . . . [if] Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument. . . ." (Doc. #17-2 ¶ 19).

James C. Mahan
U.S. District Judge

- 4 -

1  retention of money or property of another against fundamental principles of justice or equity and
2  good conscience." *Asphalt Products Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev.
3  1995). The court agrees with defendant GMACM that there has been no unjust retention of money
4  or property in this case. All monies paid over to GMACM, whether pursuant to the written contract
5  or the purported loan modification, were already due under the loan agreement. Accordingly,
6  GMACM's motion for summary judgment is granted as to claim five.

## VI.  BREACH OF CONTRACT (CLAIM 6)

To state a claim for breach of contract, the plaintiff must allege: (1) the existence of a valid agreement between the plaintiff and the defendant; (2) a breach by the defendant; and (3) damages as a result of the breach. *Calloway v. City of Reno*, 993 P.2d 1259 (Nev. 2000). Once a plaintiff proves these prima facie elements, the burden shifts to the defendant to show that his nonperformance was excused or otherwise defensible. *Hewitt v. Allen*, 43 P.3d 345, 349 (Nev. 2002). Additionally, under Nevada law, "every contract for . . . any interest in lands, shall be void unless the contract, or some note or memorandum thereof, expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made." NRS 111.210; *see Sattari v. Washington Mut.* 2010 WL 2896146 (D. Nev. 2010) (holding that an alleged modification agreement must satisfy the statute of frauds).

Here, plaintiff alleges breach of the alleged oral modification to the original contract. This claim must fail as a matter of law because the plaintiff has presented no evidence of an agreement in writing, nor has she alleged part performance or new consideration. The court finds that the interim, adjusted payments plaintiff tendered while GMACM considered the loan modification were already due under the agreement and did not constitute new consideration. Furthermore, GMACM's processing of the loan modification request did not create a new contract in and of itself. Accordingly, GMACM's motion for summary judgment is granted as to claim six.

Accordingly,

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant GMACM Mortgage, LLC's motion for summary judgment (doc. #16) is GRANTED in its entirety.

DATED December 2, 2010.

*[signature: James C. Mahan]*
_____
**UNITED STATES DISTRICT JUDGE**